| **Fill in this information to identify the case**: | |
|---|---|
| United States Bankruptcy Court for the: Southern District of Texas (State) | |
| Case number *(if known)*: _____  Chapter __11__ | ☐ Check if this is an amended filing |

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | Quotient Limited |
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names, and *doing business as* names | Quotient Biodiagnostics Holdings Ltd.; Quotient Ltd. |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | N/A |

| 4. | **Debtor's address** | **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|---|---|
| | | Business Park Terre Bonne, Route de Crassier 13, Number   Street | Number   Street |
| | | 1262 Eysins, Switzerland City   State   Zip Code | City   State   Zip Code |
| | | | **Location of principal assets, if different from principal place of business** |
| | | N/A County | 811 Main Street, Suite 4050 |
| | | | Houston, Texas 77002 |

| 5. | **Debtor's website** (URL) | https://www.quotientbd.com/ |
|---|---|---|
| 6. | **Type of debtor** | ☐ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☒ Other. Specify:   Public Limited Liability Company |

| Debtor | Quotient Limited | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

3391

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.   *Check all that apply:*

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B)..

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, and it chooses to proceed under Subchapter V of Chapter 11. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☒ A plan is being filed with this petition.

☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.  District _____  When _____ (MM/DD/YYYY)  Case number _____

District _____  When _____ (MM/DD/YYYY)  Case number _____

Debtor  **Quotient Limited**                               Case number *(if known)*
      *Name*

| | | |
|---|---|---|
| **10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** <br><br> List all cases. If more than 1, attach a separate list. | ☒ No <br> ☐ Yes. <br><br> Debtor _____ <br> District _____ <br> Case number, if known _____ | Relationship _____ <br> When _____ <br> MM / DD / YYYY |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply.*)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
        What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?**
    _____
    Number    Street
    _____
    City                State    Zip Code

    **Is the property insured?**
    ☐ No
    ☐ Yes.  Insurance agency _____
    Contact name _____
    Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 <br> ☒ 50-99 <br> ☐ 100-199 <br> ☐ 200-999 | ☐ 1,000-5,000 <br> ☐ 5,001-10,000 <br> ☐ 10,001-25,000 | ☐ 25,001-50,000 <br> ☐ 50,001-100,000 <br> ☐ More than 100,000 |

Debtor   Quotient Limited
     Name

Case number *(if known)*

| | | |
|---|---|---|
| **15. Estimated assets**[1] | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☒ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| **16. Estimated liabilities**[2] | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☒ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   01 / 10 / 2023
                MM/ DD / YYYY

✗   /s/ Ali Kiboro                                         Ali Kiboro
    Signature of authorized representative of debtor       Printed name

Title   Chief Financial Officer

**18. Signature of attorney**

✗   /s/ James T. Grogan III                          Date   01 / 10 / 2023
    Signature of attorney for debtor                              MM/DD/YYYY

James T. Grogan III
Printed name

Paul Hastings LLP
Firm name

600         Travis Street, 58th Floor
Number      Street

Houston                                               TX         77002
City                                                  State      ZIP Code

(713) 860-7300                                        jamesgrogan@paulhastings.com
Contact phone                                         Email address

24027354                                              TX
Bar number                                            State

---

[1] Estimated number of assets and liabilities noted here are provided on a consolidated basis including Quotient Limited's non-Debtor subsidiaries.

[2] Estimated number of assets and liabilities noted here are provided on a consolidated basis including Quotient Limited's non-Debtor subsidiaries.

# RESOLUTIONS OF THE BOARD OF DIRECTORS OF
# QUOTIENT LIMITED

January 6, 2023

**WHEREAS,** the Board of Directors (the "Board") of Quotient Limited, a no par value public limited company organized under the laws of Jersey, Channel Islands (the "Company"), after due deliberation, hereby take the following actions and adopt the following resolutions as of the date first written above, pursuant to the Articles of Association (the "Articles") of the Company and the applicable laws of the jurisdiction in which the Company is organized;

**WHEREAS**, the Company entered into a transaction support agreement dated as of December 5, 2022 (together with all exhibits, annexes and schedules attached thereto and as may be amended, supplemented, or otherwise modified from time to time, the "TSA") with certain noteholders under the Company's senior secured notes indenture and convertible notes indenture (together, the "Indentures"), and the guarantors party to the Indentures, whereby the Company will restructure the Company's balance sheet pursuant to a set of transactions;

**WHEREAS**, the Board has considered presentations by the management and the financial and legal advisors of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to them, and the effect of the foregoing on the Company's business;

**WHEREAS**, the Board has had the opportunity to consult with the management and the financial and legal advisors of the Company and to fully consider each of the strategic alternatives available to the Company;

**WHEREAS**, after careful consideration, the Board has determined that, in furtherance of the TSA, it is desirable and in the best interests of the Company, its creditors, stakeholders, and other interested parties, that the Company file or cause to be filed a voluntary petition for relief (the "Chapter 11 Case") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") in which the authority for the Company to operate as a debtor-in-possession will be sought; and

**WHEREAS**, the Board has determined that, in furtherance of the TSA, it is desirable and in the best interests of the Company and its respective creditors, equity holders, employees, and other parties in interest that the Company execute a prepackaged plan of reorganization (the "Plan") in accordance with the terms of the TSA and commence solicitation ("Solicitation") of votes to obtain acceptances of such Plan, and thereafter file the Chapter 11 Case under the Bankruptcy Code to pursue confirmation of the Plan.

1.  **APPROVAL OF CHAPTER 11 FILING**

**NOW, THEREFORE, BE IT RESOLVED**, that the Company shall be, and hereby is, authorized and empowered to file or cause to be filed the Chapter 11 Case under the provisions of the Bankruptcy Code in the Bankruptcy Court and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States;

**FURTHER RESOLVED**, that each member of the Board, Manuel O. Mendez, Chief Executive Officer, and Ali Kiboro, Chief Financial Officer (each, an "Authorized Signatory" and collectively, the "Authorized Signatories"), acting alone or with one or more other directors or officers of the Company be, and hereby are, authorized and empowered to execute and file on behalf of the Company all petitions,

schedules, lists, motions, papers, documents, or other filings, and to take any and all action that they deem necessary or proper to obtain such relief, including any action necessary to maintain the ordinary-course operation of the Company's business;

**FURTHER RESOLVED**, that the Board has determined in its business judgment it is desirable and in the best interests of the Company, its stakeholders, its creditors, and other parties in interest that the Authorized Signatories shall be, and hereby are, authorized to file or cause to be filed the Plan, and all other papers or documents (including any amendments) related thereto and to take any and all actions that they deem necessary or appropriate to pursue confirmation and consummation of a plan of reorganization materially consistent with the Plan; and

**FURTHER RESOLVED**, that the Authorized Signatories, acting alone or with one or more other Authorized Signatories shall be, and hereby are, authorized to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such instruments as each, in his or her discretion, may deem necessary or advisable in order to consummate the Plan if confirmed by the Bankruptcy Court.

2. **RETENTION OF PROFESSIONALS**

**NOW, THEREFORE, BE IT RESOLVED**, that the Authorized Signatories be, and hereby are, authorized to (a) employ the law firm of Paul Hastings LLP ("Paul Hastings") as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations in the Chapter 11 Case, including filing any pleadings, and (b) in connection therewith, execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to retain the services of Paul Hastings;

**FURTHER RESOLVED**, that the Authorized Signatories be, and hereby are, authorized to (a) employ the firm Perella Weinberg Partners L.P. ("PWP") as financial advisor to, among other things, assist the Company in (in each case as requested by the Company) (i) bankruptcy reporting requirements, (ii) developing financial data for evaluation by its stakeholders, creditors, or other third parties (in each case as requested by the Company), (iii) responding to issues related to the Company's financial liquidity, and (iv) assisting in the process to achieve confirmation of the Plan, and (b) in connection therewith, execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to retain the services of PWP;

**FURTHER RESOLVED**, that the Authorized Signatories be, and hereby are, authorized to (a) employ the firm of Kroll Restructuring Administration LLC as notice and claims agent and administrative advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations in the Chapter 11 Case, and (b) in connection therewith, execute appropriate retention agreements, pay appropriate retainers, and cause to be filed appropriate applications for authority to retain the services of Kroll Restructuring Administration LLC;

**FURTHER RESOLVED**, that the Authorized Signatories be, and hereby are, authorized and empowered to (a) employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code, and (b) in connection therewith, to execute appropriate retention agreements, pay appropriate retainers and fees, and cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and

**FURTHER RESOLVED**, that the Authorized Signatories (and their designees and delegates) be, and hereby are, authorized and empowered to (a) execute and file all petitions, schedules, motions, lists,

applications, pleadings, and other papers, (b) in connection therewith, employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals, and (c) take and perform any and all further acts and deeds that the Authorized Signatories deem necessary, proper, or desirable in connection with the Company's Chapter 11 Case, with a view to the successful prosecution of the case.

**3.    SOLICITATION MATERIALS**

**NOW, THEREFORE, BE IT RESOLVED**, the Companies are hereby authorized to execute on the Plan in accordance with the terms of the TSA and commence Solicitation thereof, including the distribution of the related materials, including, but not limited to, any related disclosure statement (together with the Plan, the "Solicitation Materials");

**FURTHER RESOLVED**, that the Authorized Signatories (and their designees and delegates) be, and hereby are, authorized to determine the form, terms, and provisions of the Solicitation Materials (which determination shall be conclusively evidenced by the Authorized Signatories' (or their designees' or delegates') execution and delivery thereof), and that the execution and delivery of the Solicitation Materials by the Authorized Signatories (or their designees or delegates) is hereby ratified, confirmed, and approved; and

**FURTHER RESOLVED,** that the Authorized Signatories (and their designees and delegates) be, and hereby are, authorized and empowered, in the name and on behalf of the Company, to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the Plan, which shall, in the Authorized Signatories' (or their designees' or delegates') sole judgment, be necessary, proper or advisable to perform the Company's obligations under or in connection with the TSA, the Solicitation, and any and all transactions contemplated by the Plan and to carry out fully the intent of the foregoing resolutions.

**4.    GENERAL**

**NOW, THEREFORE, BE IT RESOLVED**, that, in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, the Authorized Signatories (and their designees and delegates) be, and hereby are, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in the Authorized Signatories' (or their respective designees' or delegates') reasonable business judgment, shall be necessary, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

**FURTHER RESOLVED**, that the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waives any right to have received such notice;

**FURTHER RESOLVED**, that all actions taken by the Authorized Signatories (and their designees and delegates) to carry out the purposes and intent of the foregoing resolutions prior to their adoption are approved, ratified, and confirmed;

**FURTHER RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate has

been specifically authorized in advance by resolution of the Board;

**FURTHER RESOLVED**, that the Authorized Signatories (and their designees and delegates) be, and hereby are, authorized and empowered to take all actions, or to not take any action in the name of the Company, with respect to the transactions contemplated by these resolutions hereunder, as the Authorized Signatories shall deem necessary or desirable in the Authorized Signatories' reasonable business judgment, as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein; and

**FURTHER RESOLVED**, that this consent may be executed in as many electronic or original counterparts as may be required, and all counterparts shall collectively constitute one and the same consent.

* * * * * *

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

By: _____/s/_____
Name:  Heino von Prondzynski

By: _____
Name:  Manuel O. Méndez Muñiz

By: _____
Name:  Thomas Aebischer

By: _____
Name:  Sophie Bechu

By: _____
Name:  Isabelle Buckle

By: _____
Name:  Frederick Hallsworth

By: _____
Name:  Catherine Larue

Being all the members of the Board of Directors of Quotient Limited, a no par value public limited company organized under the laws of Jersey, Channel Islands

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

By:_____
Name:  Heino von Prondzynski

By:_____
Name:  Manuel O. Méndez Muñiz


By:_____
Name:  Thomas Aebischer


By:_____
Name:  Sophie Bechu


By:_____
Name:  Isabelle Buckle


By:_____
Name:  Frederick Hallsworth


By:_____
Name:  Catherine Larue


Being all the members of the Board of Directors of Quotient Limited, a no par value public limited company organized under the laws of Jersey, Channel Islands

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

By:_____
Name:  Heino von Prondzynski

By:_____
Name:  Manuel O. Méndez Muñiz

By:_____
Name:  Thomas Aebischer

By:_____
Name:  Sophie Bechu

By:_____
Name:  Isabelle Buckle

By:_____
Name:  Frederick Hallsworth

By:_____
Name:  Catherine Larue

Being all the members of the Board of Directors of Quotient Limited, a no par value public limited company organized under the laws of Jersey, Channel Islands

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

By:_____
Name:  Heino von Prondzynski

By:_____
Name:  Manuel O. Méndez Muñiz

By:_____
Name:  Thomas Aebischer

By: *[signature]*_____
Name:  Sophie Bechu

By:_____
Name:  Isabelle Buckle

By:_____
Name:  Frederick Hallsworth

By:_____
Name:  Catherine Larue

Being all the members of the Board of Directors of Quotient Limited, a no par value public limited company organized under the laws of Jersey, Channel Islands

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

By:_____
Name:  Heino von Prondzynski

By:_____
Name:  Manuel O. Méndez Muñiz

By:_____
Name:  Thomas Aebischer

By:_____
Name:  Sophie Bechu

By:_____*Isabelle BUCKLE*_____
Name:  Isabelle Buckle

By:_____
Name:  Frederick Hallsworth

By:_____
Name:  Catherine Larue

Being all the members of the Board of Directors of Quotient Limited, a no par value public limited company organized under the laws of Jersey, Channel Islands

IN WITNESS WHEREOF, the undersigned have executed this written consent as of the date forth above.

By:_____
Name:  Heino von Prondzynski

By:_____
Name:  Manuel O. Méndez Muñiz

By:_____
Name:  Thomas Aebischer

By:_____
Name:  Sophie Bechu

By:_____
Name:  Isabelle Buckle

By: *[signature]*_____
Name:  Frederick Hallsworth

By:_____
Name:  Catherine Larue

Being all the members of the Board of Directors of Quotient Limited, a no par value public limited company organized under the laws of Jersey, Channel Islands

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

By:_____
Name: Heino von Prondzynski

By:_____
Name: Manuel O. Méndez Muñiz

By:_____
Name: Thomas Aebischer

By:_____
Name: Sophie Bechu

By:_____
Name: Isabelle Buckle

By:_____
Name: Frederick Hallsworth

By: /s/ Catherine Larue
Name: Catherine Larue

Being all the members of the Board of Directors of Quotient Limited, a no par value public limited company organized under the laws of Jersey, Channel Islands

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| QUOTIENT LIMITED, | ) | Case No. 23-_____ (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interests:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| N/A | N/A |

Official Form 201A (12/15)

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| QUOTIENT LIMITED, | ) Case No. 23-_____ (___) |
| Debtor. | ) |

## Attachment to Voluntary Petition for
## Non-Individuals Filing for Bankruptcy under Chapter 11

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is CIK#: 001-36415.

2. The following financial data is the latest available information and refers to the debtor's condition on September 31, 2022.

   a. Total assets                                                                  $127,905,000[1]

   b. Total debts (including debts listed in 2.c., below)                           $309,995,000[2]

   c. Debt securities held by more than 500 holders                                 N/A

                                                                                    Approximate number of holders:

   secured _  unsecured _  subordinated _  $ _____   _____
   secured _  unsecured _  subordinated _  $ _____   _____
   secured _  unsecured _  subordinated _  $ _____   _____
   secured _  unsecured _  subordinated _  $ _____   _____
   secured _  unsecured _  subordinated _  $ _____   _____

   d. Number of shares of preferred stock                                           2,266,665
   e. Number of shares common stock as of December 31, 2022                         4,035,013

   Comments, if any: _____

---

[1] Estimated number of assets and liabilities noted here are provided on a consolidated basis including Quotient Limited's non-Debtor subsidiaries.

[2] Estimated number of assets and liabilities noted here are provided on a consolidated basis including Quotient Limited's non-Debtor subsidiaries.

3. Brief description of debtor's business:

The Debtor operates as a holding company for its direct and indirect wholly owned subsidiaries (collectively, the "Company"), which are engaged primarily in the development, manufacture, and sale of products for the global medical diagnostics market. The Company operates two primary lines of business: (a) the development, manufacture, and sale of conventional reagent products used primarily to identify blood group antigens and antibodies in donor and patient blood and to perform daily quality assurance testing for third-party blood grouping instrument platforms; and (b) the development and commercialization of the Company's own diagnostic instrument platform, named MosaiQ, for the autoimmune and allergy clinical diagnostic markets.

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
   - Highbridge Capital Management LLC

Debtor: QUOTIENT LIMITED  Case number (if known) _____

---

**Fill in this information to identify the case:**

Debtor name: QUOTIENT LIMITED
United States Bankruptcy Court for the: SOUTHERN DISTRICT OF TEXAS (HOUSTON DIVISION)
Case number (if known): _____

☐ Check if this is an amended filing

Official Form 204

**Chapter 11 or Chapter 9:  List of Creditors Who Have the Largest Unsecured Claims and Are Not Insiders** [1]   12/15

**A list of creditors holding the largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 50 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 1 | Wilmington Savings Fund Society, FSB, as trustee under the Convertible Notes Indenture<br>Attn: Bart Pisella, Joon P. Hong<br>c/o Chapman and Cutler LLP<br>1270 Avenue of the Americas<br>New York, NY 10020 | Wilmington Savings Fund Society, FSB, as trustee under the Convertible Notes Indenture<br>Attn: Bart Pisella, Joon P. Hong<br>EMAIL: bpisella@chapman.com; joonhong@chapman.com | Bond Debt | | | | $105,761,979.17 |
| 2 | Carey Olsen<br>James Willmott<br>47 Esplanade<br>St Helier<br>Jersey, Channel Islands JE1 0BD<br>United Kingdom | Carey Olsen<br>James Willmott<br>PHONE: 44 1534 822307<br>EMAIL: James.Willmott@careyolsen.com | Advisor Fees | | | | 193,875.00 (GBP) |
| 3 | Clifford Chance<br>John A. Healy<br>31 West 52nd Street<br>New York, NY 19170-6805 | Clifford Chance<br>John A. Healy<br>PHONE: (212) 878 8281<br>EMAIL: john.healy@cliffordchance.com | Advisor Fees | | | | $125,361.00 |
| 4 | LaLive SA<br>Matthias GSTOEHL<br>Stampfenbachplatz 4<br>P.O. Box 212<br>8042 Zurich<br>Switzerland | LaLive SA<br>Matthias GSTOEHL<br>PHONE: 41 58 105 2100<br>EMAIL: mgstoehl@laliv.law | Advisor Fees | | | | 48,763.52 (CHF) |
| 5 | Continental Stock Transfer & Trust Co.<br>Henry Farrell<br>One State Street Plaza, 30th Floor<br>New York, NY 10004 | Continental Stock Transfer & Trust Co.<br>Henry Farrell<br>PHONE: 212-509-4000 EXT. 510<br>EMAIL: hfarrell@continentalstock.com | Transfer Agent Fees | | | | $19,571.25 |
| 6 | Donnelly Financial LLC<br>Beryl Silver<br>PO Box 842282<br>Boston, MA 02284-2282 | Donnelly Financial LLC<br>Beryl Silver<br>PHONE: (917) 273 0345<br>EMAIL: beryl.silver@dfinsolutions.com | Advisor Fees | | | | $16,293.00 |
| 7 | Intrado Digital Media LLC<br>c/o West Corporation<br>P.O. Box 74007143<br>Chicago, IL 60674-7143 | Intrado Digital Media LLC<br>PHONE: 833-559-2635<br>EMAIL: billing.support@notified.com | Advisor Fees | | | | $10,107.26 |
| 8 | JTC Jersey Ltd.<br>Tim Knight<br>PO Box 1075<br>28 Esplanade<br>St Helier, Jersey JE2 3QA<br>United Kingdom | JTC Jersey Ltd.<br>Tim Knight<br>PHONE: 44 1534 700 004<br>EMAIL: jersey@jtcgroup.com | Advisor Fees | | | | 5,501.00 (GBP) |

---

[1] The list provided here includes all holders, as of the Petition Date, of unsecured claims against the Debtor that are not insiders. The information herein shall not constitute an admission of liability by, nor is it binding on, the Debtor with respect to all or any portion of the claims listed herein. Moreover, nothing herein shall affect the Debtor's right to challenge the amount, priority, validity, or characterization of any claim at a later date.

| Fill in this information to identify the case and this filing: |
| --- |
| Debtor Name:     Quotient Limited |
| United States Bankruptcy Court for the:         Southern District of Texas (State) |
| Case number (If known): |

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors
12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)
- ☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- ☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- ☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
- ☐ Schedule H: Codebtors (Official Form 206H)
- ☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- ☐ Amended Schedule
- ☒ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 24 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
- ☒ Other documents that require a declaration  Corporate Ownership Statement and Authorizing Resolutions

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  01 / 10 / 2023
MM/ DD/YYYY

✖ /s/ Ali Kiboro
Signature of individual signing on behalf of debtor

Ali Kiboro
Printed name

Chief Financial Officer
Position or relationship to debtor

Official Form 202            Declaration Under Penalty of Perjury for Non-Individual Debtors